IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| FRANCIS BLACKWELL | § | |
| VS. | § | CIVIL ACTION NO. 1:12cv246 |
| DIRECTOR, TDCJ-CID | § | |

ORDER OVERRULING OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Francis Blackwell, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court previously referred the petition to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to 28 U.S.C. § 636 and applicable orders of this Court.

The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge concerning this matter. The Magistrate Judge recommends the petition be dismissed as barred by the applicable statute of limitations.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Petitioner filed objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections.

The Magistrate Judge concluded that the applicable period of limitations began to run in 1993, when petitioner's conviction became final upon the expiration of the time for seeking direct review of the conviction.[1] Petitioner asserts the period of limitations did not begin to run until later, when facts support his claims could have been discovered through the exercise of due diligence. He states he recently developed new scientific evidence which supports his claims. He states there was no ballistic or DNA evidence and no fingerprint evidence. He states that test results concerning this evidence were not available at the time he entered his plea of guilty because no tests had been

---

[1] As the time for seeking direct review expired before the enactment of the Antiterrorism and Effective Death Penalty Act of 1996, the period of limitations did not actually begin to run until April 24, 1996, the date the Act was signed into law.

performed at that time.

While petitioner states he has developed new scientific evidence, he has not provided any test results. What petitioner actually appears to be asserting is that scientific tests would reveal there is no ballistic, DNA or fingerprint evidence linking him to the crime. Speculation concerning what scientific tests would reveal is not sufficient as it does not establish facts that would support petitioner's claims. As a result, the Magistrate Judge correctly concluded that the period of limitations began to run when the time for seeking direct review of petitioner's conviction expired.

Petitioner also asserts he should be excused from compliance with the statute of limitations because he is actually innocent. In *McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013), the Supreme Court held that actual innocence may provide a "gateway" for consideration of otherwise time-barred claims. An actual innocence claim requires a petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). However, it is not the mere allegation of actual innocence that will open such a "gateway;" instead, a petitioner seeking to avoid a limitations bar must present "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial." *Id*. at 1936. In other words, an "actual innocence" exception to the limitations bar will only be found if the evidence presented by the petitioner convinces the court that "it is more likely than not that no reasonable juror would have convicted [the petitioner]." *Id*. at 1933.

Petitioner has failed to satisfy the standard established in *McQuiggin*. While he asserts there is an absence of physical evidence linking him to the crime, he has submitted no scientific tests supporting this assertion. Moreover, even if it is assumed that no physical evidence exists, this would not be sufficient to demonstrate it is more likely than not that no reasonable juror would have convicted petitioner.

ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is

**ADOPTED** as the opinion of the court. A final judgment shall be entered in accordance with the recommendation of the Magistrate Judge.

In addition, the court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying federal habeas relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84; *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not demonstrate that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, the petitioner has not shown that the issue of whether his petition is barred by the applicable statute of limitations is subject to debate among jurists of reason. The factual and legal issues raised by petitioner have been consistently resolved adversely to his position and the questions presented are not worth of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

**SIGNED** this the **17** day of **April, 2015.**

_____
Thad Heartfield
United States District Judge